**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JIMMY L. HINKLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 12-133-GPM** |
| | ) | |
| **RICK WHITE and THOMAS OLIVERIO,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

The Court granted Defendants' first motion to dismiss, finding that Plaintiff had failed to adequately allege deprivation of occupational liberty, but also granted Plaintiff leave to file a second amended complaint (Doc. 31). Plaintiff did so file, and Defendants again moved to dismiss, arguing that Plaintiff still fails to state a claim (Doc. 33).

Under Federal notice pleading, a complaint need only "include a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It need only include "factual allegations [that are] enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, a "complaint must contain sufficient factual matter...to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Writing for the dissent in the Seventh Circuit's *Vance v. Rumsfeld en banc* opinion, Judge Rovner succinctly stated:

> To survive a motion to dismiss, a complaint need not do more than enunciate a plausible claim for relief. The plausibility standard is not akin to a 'probability requirement.' It does not imply that the district court should decide whether the claim is true, which version of the facts to believe, or whether the allegations are

> persuasive.   Provided the complaint invokes a recognized legal theory…, and contains plausible allegations on the material issues, it cannot be dismissed under Rule 12.

701 F.3d 193, 226 (7th Cir. 2012) (internal citations and quotations omitted).   The plaintiff, however, must allege "more than a sheer possibility that a defendant has acted unlawfully."   *Iqbal* at 678.   It is "not enough to give a threadbare recitation of the elements of a claim without factual support."   *Bissessur v. Indiana Univ. Bd. of Trs.,* 581 F.3d 599, 603 (7th Cir. 2009).

Plaintiff alleges deprivation of his liberty interests under the 14th Amendment (Doc. 32). "A claim that a government employer has infringed an employee's liberty to pursue the occupation of his or her choice requires that (1) the employee be stigmatized by the employer's actions; (2) the stigmatizing information be publicly disclosed; and (3) the employee suffer a tangible loss of other employment opportunities as a result of the public disclosure…The employee's good name reputation, honor, or integrity must be called into question in such a way as to make it virtually impossible for the employee to find new employment in his chosen field."   *Head v. Chicago Reform School Board of Trustees,* 225 F.3d 794, 801 (7th Cir. 2000); *see also Harris v. City of Auburn,* 27 F.3d 1284, 1286 (7th Cir. 1996) (plaintiff must plead "1) he was stigmatized by the defendants' conduct, 2) the stigmatizing information was publicly disclosed, and 3) he suffered tangible loss of other employment opportunities as a result of public disclosure.")

Here, in his second amended complaint, Plaintiff does allege sufficient facts to state a plausible claim for relief.   He claims he was stigmatized when Defendants told others, despite evidence to the contrary, that Plaintiff had abused children and committed arson (Doc. 32, p. 3). He claims that information was publically disclosed when Defendants told his co-workers in the Illinois State Police, in Wayne County Sheriff's Department personnel, and told non-police

community members that Plaintiff had abused children and committed arson (Doc. 32, p. 3). Those allegations were consequently published online and in a local newspaper.  Plaintiff also pleads that he suffered a tangible loss of employment from that stigma as subsequent law enforcement agencies have denied his requests for interviews (Doc. 32, p. 5).  He also claims that as a result of the stigma from Defendants' actions, a restaurant he operated closed due to his tarnished reputation (Doc. 32, p. 6).

Plaintiff's second amended complaint sufficiently pleads so as to satisfy Rule 12(b)(6). Defendants' motion to dismiss is **DENIED.**

**IT IS SO ORDERED.**

**DATED**: August 26, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge